**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION
Case No.:

JOHNNY MACK,

      Plaintiff,

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Johnny Mack, files his Complaint against Defendant, The Lincoln National Life Insurance Company, and says:

### I.  JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff Johnny Mack ("Mr. Mack"), is a citizen of the United States, and was at all times relevant a participant of the long-term disability insurance policy at issue (the "LTD Policy"). Defendant, The Lincoln National Life Insurance Company, is the insurer and claims administrator of the long-term disability ("LTD") policy, is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III.    FACTS

3.    At all times material to this action there was in full force and effect a group LTD Policy that was underwritten and administered by Defendant.

4.    At all times material, Defendant operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5.    Mr. Mack was employed at Charter Communications, Inc., as a Customer Service Representative. By virtue of his employment, Mr. Mack was an eligible participant of the LTD Policy at all times material to this action.

6.    The purpose of the LTD Policy was to provide Mr. Mack a monthly benefit in the event that he became disabled.

7.    The LTD Policy defined Disability, in pertinent part, as follows:

*Disability or Disabled means:*

*1)  For persons other than pilots, co-pilots and crewmembers of an aircraft:*

> *i.    that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and*
> *ii.   thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.*

8.    Mr. Mack suffers from a number of medical conditions. These include, but are not limited to diabetic ulcers, osteomyelitis, status post right partial 5th ray amputation, flexor tenotomy of left 3rd toe, left below-knee amputation, diabetic retinopathy, visual impairments, severe neuropathy and more.

9.    Mr. Mack is unable to perform one or more of the material and substantial duties of his regular occupation nor the duties of any occupation.

2

10. Mr. Mack is disabled under the terms of the LTD Policy.

11. Mr. Mack was forced to discontinue working on or around June 8, 2021, due to his disabling conditions.

12. In accordance with the procedures set forth by the LTD Policy, Mr. Mack notified Defendant he was disabled.

13. Defendant approved Mr. Mack's claim for LTD benefits with benefit payments effective December 7, 2021.

14. By letter dated December 12, 2023, the Social Security Administration approved Mr. Mack's claim for Social Security Disability Benefits.

15. By letter dated October 18, 2023, Defendant terminated Mr. Mack's LTD benefits effective December 6, 2023.

16. By letter dated October 19, 2023, Mr. Mack timely appealed Defendant's termination of LTD benefits.

17. By letter dated January 9, 2024, Defendant notified Mr. Mack that his appeal for LTD benefits was denied.

18. Mr. Mack exhausted his appeals under ERISA.

19. In terminating Mr. Mack's LTD benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

20. The termination of Mr. Mack's LTD benefits was a breach of the terms of the LTD policy, and the decision was wrong.

21. Defendant's termination of Mr. Mack's LTD benefits breached the fiduciary duties owed to Mr. Mack under ERISA. Defendant further failed to discharge its duties in respect to discretionary claims processing solely in the interests of Mr. Mack as a participant of LTD policy.

3

### IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 21 as if fully stated herein and says further that:

22.     Plaintiff is entitled to certain benefits of the policy consisting of past LTD benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. § 1132(a)(1)(B).

23.     Plaintiff is entitled to the benefits identified herein because:

   a.   the benefits are permitted benefits under the LTD policy;

   b.   Plaintiff has satisfied all conditions to be eligible to receive the LTD benefits;

   c.   Plaintiff has not waived or otherwise relinquished his entitlements to the benefits.

24.     Defendant has refused to pay the benefits sought by Mr. Mack, ignoring the medical records and clear opinions of his physicians.

### V. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 24 as if fully stated herein and says further that:

25.     As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid LTD benefits, plus interest.

26.     To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. § 1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

27.     Defendant is also liable to place Plaintiff in the position he would have enjoyed under the policy had he not been wrongfully denied benefits by Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Johnny Mack, prays for a judgment against Defendant, The Lincoln National Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 11th day of June 2024.*

/s/ Emily C. Quirino
Emily C. Quirino (FBN. 1031320)
emily@longtermdisability.net
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel:  (305) 754-2000
Fax: (305) 754-2007
*Counsel for Plaintiff, Johnny Mack*