UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOHNNY MACK,

    Plaintiff/Counter-defendant

                              CASE NO.:  1:24-cv-22243-KMW

v.

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

    Defendant/Counterclaimant.
_____/

## THE LINCOLN NATIONAL LIFE INSURANCE COMPANY'S RESPONSE TO MOTION TO DISMISS COUNTERCLAIMS

COMES NOW the Defendant, The Lincoln National Life Insurance Company ("Lincoln"), by and through its undersigned counsel, and hereby gives notice of withdrawal of its counterclaims as a matter of course, stating as follows:

    I.    Statement of the Case

This is an action for long-term disability insurance benefits under an employee welfare benefit plan that is governed by the Employee Income Retirement Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132. *See doc.*1. When Lincoln answered the Complaint, it asserted counterclaims under several different equitable theories for recovery of overpayments Lincoln made to the Plaintiff, Johnny Mack. *See doc.*7.  In lieu of filing a responsive pleading to the counterclaims, Mack moved to dismiss them. *Doc.*15.

Lincoln has determined that it would not be cost-effective to pursue its

counterclaims under the circumstances. If Lincoln were to prevail on Mack's case and pursue its counterclaims, the amount of the overpayment likely would not cover the cost of litigating the counterclaims. Additionally, Mack's affidavit (*doc.*15-1) causes Lincoln to believe that even once it received a judgment against Mack, Mack's financial circumstances likely would render the judgment uncollectible. Moreover, if Mack were to prevail on his claim, Lincoln would still be able to recover the overpayment as an offset against past and future benefits that would be payable to Mack. This analysis, coupled with a litigation cost for the counterclaims that would near or exceed the value of the counterclaims, has led Lincoln to file its Amended Answer and Affirmative Defenses (doc.17) which effectively withdraws Lincoln's counterclaims.

II. Arguments and Authorities

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course no later than…21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Mack's motion to dismiss Lincoln's counterclaims was filed and served on July 17, 2024 (*i.e.* fourteen (14) days before the filing of this motion). Therefore, Lincoln has the right to amend its pleadings as a matter of course to withdraw its counterclaims. Lincoln exercises such right without waiver of any defenses asserted relative to Mack's complaint.

With the amendment of Lincoln's pleadings and withdrawal of the counterclaims, Mack's motion to dismiss is rendered moot, and should be denied

as such. *See e.g. Ramindesign, LLC v. Skarzynski,* 2024 WL 3312039, at *1 (S.D. Fla. June 4, 2024), report and recommendation adopted 2024 WL 3360439 (S.D. Fla. June 21, 2024) (denying motion to dismiss as moot after amendment of counterclaims as a matter of course); *Lochren v. Horne LLP,* 2022 WL 14065300, at *1 (M.D. Fla. Jan. 10, 2022) (denying motion to dismiss as moot after amendment of original complaint).

Although Local Rule 7.1 and Rule 15 do not require a conference with opposing counsel before amending pleadings as a matter of course, Lincoln still did confer with Mack's counsel, Emily Quirino, Esq., relative to amending Lincoln's answer to withdraw the counterclaims. Ms. Quirino stated that Mack has no objection to such amendment of Lincoln's pleadings.

WHEREFORE, Lincoln respectfully requests that the motion to dismiss the counterclaims in Lincoln's original pleading be denied as moot.

Dated this 31st day of July, 2024.

/s  Lee W. Marcus
_____
**LEE W. MARCUS, ESQUIRE**
Florida Bar No.: 967076
Email: lmarcus@marcusmyerslaw.com
MARCUS & MYERS, P.A.
6150 Metrowest Blvd., Ste. 208
Orlando, Florida 32835
Telephone: (407) 447-2550
Facsimile: (407) 447-2551
Counsel for Defendant/Counterclaimant,
The Lincoln National Life Ins. Co.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 31st day of July, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to:

Edward P. Dabdoub, Esq. (eddie@longetermdisability.net)

Emily C. Quirino, Esq. (emily@longtermdisability.net)

Tanja V. Perez, Esq. (tanja@longtermdisability.net)

of Dabdoub Law Firm, P.A., 1600 Ponce de Leon Blvd., Suite 1205, Coral Gables, FL 33134.

/s   Lee W. Marcus
_____
**LEE W. MARCUS, ESQUIRE**
Florida Bar No.: 96707